### Mrs. D. Gerson, Administratrix, vs. Ike Campbell.

Farmer J. The acknowledgment of an open account to convert it into an account closed or stated, need not be in writing. 4 An. 197 ; 20 An. 118 and 208.

2. A payment on an open account interrupts prescription but does not change the debt into an acknowledged account, 19 An. 255.

3. Where there is a continuous and uninterrupted course of dealings between a merchant and customer, prescription only begins to run from the date of the last item.

4. The acknowledgment of the right of the creditor as provided by C. C. 3520 and the acknowledgment of the debt as provided in C. C. 3551, 3552 and 3553, are different from that acknowledgment of an account which constitutes it a *compte arreté*; this distinction has been almost if not entirely broken down by conflicting decisions of the Supreme Court, but those decisions are not well considered nor well reasoned. 5 R. 474 ; 2 An. 315 ; 18 An. 125 ; 3 An. 324.

5. But there is no decision which says there need be no promise to pay the debt in order to close the account and change the

term of prescription. The express acknowledgment of the correctness of an account or the receiving the accounts and retaining them without objection. will not create an acknowledged account which must arise from an acknowledgment of the correctness of the balance struck, after stating the whole account, and a promise to pay said balance. Such an account is only prescribed by ten years. C. C. 3538.

6. Where a merchant reads off his account to defendant, and the latter does not make any objection to any of the items, such fact constitutes a tacit acquiescence in the correctness of the account and may interrupt the three years' prescription, but it does not make an " account stated" prescriptible by ten years.